IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERWIN CARTER,

Petitioner

v                                                          Civil Action No. GJH-19-1031

TIMOTHY S. STEWART,

Respondent

***

## MEMORANDUM OPINION

In the above-captioned Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, Petitioner asserts that the Bureau of Prisons (BOP) improperly denied him eligibility for early release under 18 U.S.C. § 3621(e) following his completion of a residential substance abuse treatment program. ECF No. 1 at 2, 6, 9-11.

Petitioner acknowledges that the BOP came to this decision because Petitioner's Presentence Investigation Report "recommended a 2 level Special Offence Characteristic Enhancement for possession of weapons which was adopted by the Court at sentencing" and the BOP concluded "that this enhancement makes him ineligible for relief under current federal regulations and Bureau of Prisons Program Statement 5331.02, and 18 U.S.C. Sec. 3621(e)." *Id.* at 9. Further, Petitioner acknowledges that under 28 C.F.R. § 550.55,[1] the regulation implementing the program established by 18 U.S.C. § 3621(e), inmates convicted of an "offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including

---

[1] Petitioner incorrectly cites this regulation as 28 C.F.R. § 550.58, *see* ECF No. 1 at 9, which is essentially an earlier version of § 550.55. *Coy v. Whitehead*, Case No. DKC-09-0910, 2009 WL 2884763, at *4 (D. Md. Sept. 1, 2009) ("On March 16, 2009, this new version was adopted by the BOP. This new version, codified at 28 C.F.R. § 550.55, is essentially identical to the former version codified at 28 C.F.R. § 550.58, but provides a detailed rationale for why offenders were not entitled to early release consideration.").

any explosive material or explosive device)" are categorically excluded from eligibility for early release under this program. § 550.55(b)(5)(ii); ECF No. 1 at 9. Petitioner does not dispute that he was provided with an explanation of the basis of denying his request for early release under 18 U.S.C. § 3621(e), nor does he dispute that his two-level Sentencing Guidelines enhancement for possession of a firearm in connection with his offense falls within the ambit of 28 C.F.R. § 550.55(b)(5)(ii).

Rather, Petitioner's argument for relief is grounded in his contention that the BOP failed to provide a rationale for its regulation (28 C.F.R. § 550.55). He contends that

> The Bureau's failure to state a rational for its categorical exclusion rule[] renders the regulation arbitrary and capricious in violation of Section 706(2)(A) of the [Administrative Procedure Act]. Because the [administrative] record contains no rationale explaining the Bureau's decision to categorically exclude prisoners with convictions involving firearm(s) from eligibility for early release under § 3621(e), Petitioner has grounds for relief.

ECF No. 1 at 11. In support of his argument, Petitioner cites to two Ninth Circuit cases from the 1990s, which analyzed language from 18 U.S.C. § 924(c)(3). *Id.* at 10.

Petitioner's argument is without merit, for reasons articulated nearly a decade ago in *Coy v. Whitehead*, Case No. DKC-09-0910, 2009 WL 2884763 (D. Md. Sept. 1, 2009), in which the Court explained:

> The Violent Crime Control and Law Enforcement Act of 1994 amended 18 U.S.C. § 3621(b) to require the U.S. Bureau of Prisons ("BOP") to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse." It added a section providing for incentives for prisoners to participate in such a RDAP, including the possibility of an early release. Subsection 3621(e)(2)(B) provides that:
>
>> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [drug] treatment program may be reduced by the Bureau of Prisons, but such reduction may

2

not be more than one year from the term the prisoner must otherwise serve.

In implementing this provision, the BOP initially adopted the statutory definition of "crime of violence" found under 18 U.S.C. § 924(c)(3). Subsection 3621(e)(2)(B) was codified under 28 C.F.R. § 550.58. Section 550.58 specifies three prerequisites for early release eligibility: the inmate must have been sentenced to a term of imprisonment for a nonviolent offense; must have a substance abuse problem; and must successfully complete a residential drug abuse treatment program while incarcerated.

Revisions to § 550.58 omit any reference to § 924(c)(3). The regulation does not attempt to define a non-violent offense within the meaning of § 3621(e)(2)(B). Instead, the regulation was revised categorically to exclude certain inmates from early release. Section 550.58 states that:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> . . .
>
> (vi) Inmates whose current offense is a felony . . . (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) . . . .

While 18 U.S.C. § 3621 provides for a reduction of custodial time for non-violent offenders, the language of § 3621(e)(2) is permissive, stating that the BOP may grant inmates early release. It does not guarantee eligible inmates early release. *See Lopez v. Davis*, 531 U.S. 230, 241, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir.2000). Section 3621 vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining

3

early release eligibility. *See* 28 C.F.R. § 550.58 (2008). As already indicated, this regulation provides in part that inmates whose current felony offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are ineligible for early release consideration.

The BOP also adopted a program statement to supplement 28 C.F.R. § 550.58. Program Statement ("P.S.") 5162.04, entitled Categorization of Offenses, was promulgated further to assist BOP agents and employees in interpreting the revised regulation. Section 7 of PS 5162.04 states that as an exercise of the discretion vested in the Director, an inmate serving a sentence for an offense that falls under the provisions described shall be precluded from receiving certain Bureau program benefits. The BOP explains this eligibility criteria in P.S. 5162.04, providing that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." P.S 5162.04 § 2. P.S. 5162.04 § 7 identifies "offenses that at the director's discretion shall preclude an inmate's receiving certain Bureau Program benefits." Section 7(b) of P.S. 5162.04 provides that a person convicted of a drug offense under 28 U.S.C. § 841 and 846 who has received a two-level sentencing enhancement for gun possession has been convicted of a "crime of violence." Accordingly, P.S. 5162.04 precludes early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B) for any inmate whose drug conviction under 28 U.S.C. § 841 or 846 was enhanced based upon possession of a firearm because "possession of a dangerous weapon during the commission of a drug offense poses a substantial risk that force may be used against persons or property." P.S. 5162.04 § 7.

In *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the United States Court of Appeals for the Ninth Circuit deemed § 550.58 to be violative of the Administrative Procedure Act ("APA"). No court outside the Ninth Circuit has followed *Arrington*, which has been rejected by this court. *See Minotti v. Whitehead*, 584 F.Supp.2d 750 (D.Md.2008).

... In 2009, the BOP further revised its RDAP regulations in light of *Arrington*. On January 14, 2009, pursuant to the APA, the BOP published its proposed new rule through the notice and comment procedures. On March 16, 2009, this new version was adopted by the BOP. This new version, codified at 28 C.F.R. § 550.55, is essentially identical to the former version codified at 28 C.F.R. § 550.58, *but provides a detailed rationale for why offenders were not entitled to early release consideration.*

... *Plainly, 28 C.F.R. § 550.58 [now §550.55] and PS 5162.04 are valid exercises of the BOP's discretion under 18 U.S.C. § 3621 and Petitioner's drug conviction and two-point sentence enhancement for weapons possession render him ineligible for the RDAP early release benefit.*

*Id.* at 3-5. (emphasis added and footnote omitted).

Finally, the Court notes that Petitioner references the First Step Act, though he provides no context. ECF No. 1 at 10. To the extent that Petitioner seeks to file a motion based on the First Step Act, he should do so in the District of South Carolina, the jurisdiction of Petitioner's conviction. *See id.* at 1.

Petitioner has no absolute entitlement to appeal a district court's denial of a § 2241 petition. *See* 28 U.S.C. S 2253(c)(1)(B). To appeal this Court's denial of the Petition, Petitioner must obtain a certificate of appealability ("COA"). *Id.* A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a prisoner must demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'" in order to be entitled to a COA. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a district court reaches the merits, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner has made no such showing, this Court will not issue a COA. Although this Court declines to issue a COA, Petitioner may still seek a COA from the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (stating that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").

For the foregoing reasons, the Petition and a Certificate of Appealability are denied. A separate Order follows.

5/29/2019
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE